DECISION
Before this Court is an appeal of Steven and Loreen Francazio (Francazios, appellants) from an October 25, 1995 decision of the Zoning Board of Review of the Town of Smithfield (Board), granting the application of Michael Branch (Branch) and James P. and Ann Marie Anderson (Andersons) for an expansion of a nonconforming use. The Francazios are neighboring property owners who opposed the relief requested. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
On October 3, 1995, Michael Branch along with James P. and Ann Marie Anderson filed an application for a variance to expand a nonconforming use on a piece of property that the Andersons own and intend to sell to Branch. The property, which is located at 46 Log Road in Smithfield, Rhode Island, is listed as Lot 10b on Assessor's Plat 46 and zoned as an R-80 district pursuant to the Smithfield Zoning Ordinance. The property is being used presently as an auto body shop and is a legal nonconforming use that was granted previously by the Board. Branch currently owns a towing business in Smithfield and wants to expand the existing auto body shop to include auto towing and other related auto activities.
A hearing on the application was held on October 25, 1995. At the hearing, Branch testified to the nature of his current business and the changes he would make to the existing property. Branch stated that his current business involved towing cars for the local police departments and private businesses in the town. Branch further stated that some of the vehicles towed for the police department would be stored on the property, thereby causing said property to function additionally as an impound yard.
Several neighbors, including the Francazios, also testified at the hearing and expressed concern over the environmental impact of granting the enlargement, i.e., oil and gas leakage into neighboring well water, as well as the adverse impact the increased business would have on their property values. In particular, Mr. Francazio noted that the area is zoned for residential use. Mr. Francazio stated that the zoning ordinance would not permit an expansion upon an existing business that is nonconforming.
In an executive session that immediately followed the hearing, the Board voted to grant the application. In so deciding, the Board discussed the issue of whether adding the towing component is a change in the business or merely a continuation of a legal nonconforming use. The Board concluded that the towing is a function of an auto body shop and the addition of the Branch's towing business would merely increase the number of cars being towed there. Furthermore, the Board reasoned that Branch is on call for the police department every other night, the increase in activity would be only half as much as anticipated. By a unanimous vote the Board granted a special use permit to Branch and imposed several special conditions, e.g., limiting the shop's hours of operation to Monday through Friday 8-5 and Saturdays 9-12, requiring certain physical alterations (fence, shrubbery), as well as the installation of catch basins for the leaking oil and gas.
The Francazios appealed to this Court and argue that there is insufficient evidence of record to support the Board's actions.[1] The Francazios maintain the Board committed an error of law by allowing the intensification/expansion of a nonconforming use. Conversely, the Board contends there was sufficient evidence upon which it could base its decision and that towing is ancillary to the operation of an auto repair business so much so that "it may even be argued . . . that no special use permit was needed at all."
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Special Use Permit
On appeal, appellants argue that the Board erred in granting the special use permit because the town's zoning ordinances prohibit the expansion of a legal nonconforming use in a residential zone. Alternatively, the Board asserts that the request of a special use permit is specifically authorized in the instant matter. The Board maintains the property had been used as an auto body repair shop prior to the adoption of the Smithfield Zoning Ordinance and is therefore a prior nonconforming use. The Board draws no distinction between an automobile repair business and a towing and impound operation. The Board found that since automobiles are towed to an auto body repair business these businesses are the same. Consequently, based upon this fragile premise, the board found that a special use permit was appropriate.
Article III of the Smithfield Zoning Ordinance addresses the issue of nonconformance. Pursuant to this article, a lawfully established use of land, building, or structure which is not a permitted use in the zoning district in which it is located is nonconforming by use. Smithfield Zoning Ordinance Art. 3 § 3. The nonconforming use, once lawfully established, is allowed to continue as long as it is not changed to a different use unless such use conforms to the use regulations of the zone in which it is located. Smithfield Zoning Ordinance Art. 3 § 8; R.I.G.L. § 45-24-10. See also South County Sand Gravel Co. v. Town ofCharlestown, 446 A.2d 1045, 1046 (R.I. 1982) (mere change in ownership or discontinuance of use for a period of time does not destroy nonconforming use). A nonconforming use may be increased only by a special use permit provided that such an enlargement otherwise conforms with the provisions of the ordinance. Smithfield Zoning Ordinance Art. 3 § 13(b); Art. 4 § 13.
In the instant matter, the evidence of record demonstrates that the subject property is located in a low-density, residential zone, R-80. Pursuant to the terms of the ordinance, an R-80 district is established to permit low density, single-family residential development for persons who wish to live in a same rural environment. Id. Art. 1 § 3. A review of the permitted uses for an R-80 zone indicates that auto body repair and/or towing services are not permitted uses. Accordingly, the maintenance of such a business normally would be illegal in this particular area. The current business, however, was in place prior to the adoption of the zoning ordinance and is thus classified as a legal nonconforming use. As previously stated, the continuance of a legal nonconforming use is permitted. Therefore, the question then turns to whether the addition of Mr. Branch's towing business constitutes such a continuation.
An auto body shop is defined in the ordinance as "a building or portion of a building in which major repairs are performed on automobile, truck or motorcycle bodies or chassis, including body repair, painting or priming." Art. 2.2 § 12. The towing of motor vehicles to the shop would be incident to such a business. The record is clear that, if allowed, automobiles would be towed to this business for purposes other than automobile service or repair. Consequently, towing, to a certain degree could be considered a "continuance" of the business. The record reveals, however, that the towing service that would be conducted by Mr. Branch would far exceed that which is "incidental" to an auto body repair business. Mr. Branch testified that he is under contract with the Smithfield Police Department to service their towing requirements on an "every other day" basis. As a result, there would be days when Mr. Branch would be on call twenty-four hours and would be towing cars to the property during the day and at night. Mr. Branch testified that he typically brings the truck home with him at night so that the only reason he would go to the property would be to drop off a car, thus minimizing the late night activity on the property. However, he also stated that within the week just prior to the hearing, he had been to his current location three times after midnight. Accordingly, the increase in the number of automobiles and the late night towing would certainly constitute an expansion of the use.
Because the intended use seeks to expand upon the existing nonconformance, authorization must be sought from the zoning board. As previously stated, a nonconforming use may be increasedonly by a special use permit provided that such an enlargementotherwise conforms with the provisions of the ordinance.
(Emphasis added.) Art. 3 § 13(b); Art. 4 § 13. In granting a special use permit, the Board shall require evidence:
 "(a) that the special use is specifically authorized by this Ordinance, and setting forth the exact subsection of this Ordinance containing the jurisdictional authorization;
 (b) that the special use meets all of the criteria set forth in the subsection of this Ordinance authorizing such special use; and
 (c) that the granting of the special use permit will not alter the general character of the surrounding area or impair the intent or purpose of this Ordinance or the Comprehensive Plan of the Town. In so doing, the Board shall consider, where applicable, the following:
 * * *
 (a) Ingress and egress to property and proposed structures thereon with particular reference to automotive and pedestrian safety and convenience, traffic flow and control, and access in case of fire or catastrophe.
 (b) Off-street parking and loading areas where required, with particular attention to the items set out in subsection (a) hereof.
 * * *
 (d) Refuse and service areas, with particular reference to the items set out in Subsections (a) and (b) hereof.
 * * *
 (h) General compatibility, the pertinent traffic, economic, noise, glare or odor effects of the Special use permit on adjoining properties and properties generally in the district."
(Emphasis added.) Smithfield Zoning Ordinance Art. 10 § 8(C)(2).
With regard to the intent or purpose of the ordinance, it is clear that the expansion of a nonconforming use is disfavored.
 "Nonconforming uses are incompatible with and detrimental to permitted uses in the zoning districts in which they are located. Nonconforming uses cause disruption of the comprehensive and use pattern of the Town, inhibit present and future development of nearby properties, and confer upon their owners a position of unfair advantage. It is intended that existing nonconforming uses shall not justify further departures from this Ordinance for themselves, or for any other properties."
(Emphasis added.) Art. 3 § 8.
 A nonconforming use of a building, structure or land shall not be intensified in any manner. Intensification shall include, but not be limited to, increasing hours of operation, increasing the number of dwelling units or increasing the seating capacity of a place of assembly. However, this Section shall not prohibit the reconfiguration of existing dwelling units within a building or structure so long as such reconfiguration complies with the requirements of § 3-8F.
(Emphasis added.) Art. 3 § 8(G). When the nonconformance is located in a residential zone, this intention to "limit" the use is even more apparent.
 "Nonconforming uses in Residential Zones are to be treated in a stricter fashion than nonconforming uses located in non-residential zones. Due to the disruption which nonconforming uses cause to the peace and tranquility of a Residential Zone, nonconforming uses therein should be eventually abolished or reduced to total conformity over time.
(Emphasis added.) Art. 3 § 8(A).
In the instant matter, the subject property is located in a R- 80 zone which is intended to include single family residences in a semi-rural environment. An auto-body shop/auto towing service is clearly not a permitted use and inconsistent with the general character of the surrounding area. Furthermore, the various provisions of the ordinance herein cited evidence an intent to restrict the expansion of a nonconforming use, particularly in a residential area. Granting the permit would most certainly impair the intent or purpose of the zoning ordinance and/or comprehensive plan of the town and is clearly not authorized by the ordinance.
Therefore, after careful review of the record and the applicable provisions of the Smithfield Zoning Ordinance, this Court finds the decision is in violation of ordinance provisions and erroneous in view of the reliable, substantial evidence of the whole record such that appellants rights have been prejudiced. Accordingly, the decision of the Board is hereby reversed.
[1] Branch applied for a variance but appropriately was granted a special use permit. See Smithfield Zoning Ordinance Art. 3 § 13(b); Art. 4 § 13