388 A.2d 821.

ELLA APOSTOLOU *et al. v.* AURELIO B. GENOVESI *et al.*

JULY 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

502

BEVILACQUA, C.J. This petition for certiorari was brought to review the action of the Superior Court reversing a decision of the Zoning Board of Review of the Town of Warren. The board had granted a variance to permit an addition to a jewelry manufacturing plant. We granted the petition, *Apostolou* v. *Genovesi*, 117 R.I. 986, 369 A.2d 663 (1977), and issued the writ on February 24, 1977.

The facts in this case are essentially uncontroverted. One of the petitioners,[1] R.J. Manufacturing Co., Inc. (R.J.) which is a jewelry manufacturer, occupies a parcel of land situated on Metacom Avenue and designated as lots Nos. 4-7, 55, 57 and 58 on assessor's plat 13C. The entire parcel, which consists of an area of approximately 141,338 square feet, is located in a manufacturing zone. It is abutted on its northerly side by respondents' land,[2] which is in a residential zone.

On April 9, 1974, R.J. applied to the Zoning Board of Review of the Town of Warren (the board) for a special exception[3] and a variance to permit the construction of a 152-by 60-foot addition to its facility. It is undisputed that one corner of this additon would violate the 50-foot boundary requirement of section 32-53[4] of the Zoning Ordinance of the Town of Warren. After a hearing before the board, R.J.'s application for a variance was approved.

On June 4, 1974, respondents, as parties aggrieved by the action of the board, sought review in the Superior Court, alleging that the board violated "constitutional, statutory, or ordinance provisions" and exceeded its authority. After hearing the allegations of the parties, a Superior Court justice granted R.J..'s and Warren Development Corporation's motion to remand the case to the board for the presentation of additional evidence.

---

[1]The application for the variance indicates that R.J. had an "option" on the property in question. It further reveals that the tract of land upon which R.J.'s plant is situated was owned by the other petitioners, Warren Development Corporation and Henry C. and Mary Amaral.

[2]The respondents herein (plaintiffs below), Ella Apostolou, Sadie Babula and Peter Bartosewitz, own farm land abutting the parcel of land described above.

[3]The record indicates that the special exception was sought for the construction of the addition because the addition would constitute an extension of the permitted manufacturing use.

[4]Section 32-53 of the Zoning Ordinance of the Town of Warren provides that a manufacturing plant must not be located within 50 feet of a residential zoning boundary.

On remand, R.J. presented the testimony of two witnesses. Manuel Prenda, a real estate expert, testified that the addition to R.J.'s facility, which would extend within 22.16 feet of respondents' boundary, would not impair the value of respondents' abutting residential property. R.J. introduced into evidence a sketch of the proposed extension. After examining this exhibit, Anthony Nunes, a local contractor, testified that the loading and parking facilities of R.J. would be adversely affected if the building was not extended consistent with the terms of the variance originally granted by the board. He stated that the denial of R.J.'s application would adversely affect the traffic condition on Metacom Avenue. The respondents' expert witness, Walter DiPrete, testified that respondents' property would be devalued by the proposed addition to the manufacturing plant. DiPrete further asserted that, in his opinion, to relocate the extension in full compliance with the 50-foot boundary requirement would be economically feasible.

After reviewing the evidence, the board found that the proposed addition would not depreciate the value of respondents' property. It further found that the traffic pattern both inside the R.J. parcel and on Metacom Avenue would be adversely affected if the addition was constructed according to the zoning ordinance. The board concluded that a literal enforcement of the zoning ordinance would result in unnecessary hardship to R.J. Consequently, the board reaffirmed its previous decision granting the variance.

Following remand, the Superior Court justice held that R.J. had failed to present competent evidence to support the testimony of its witnesses and to show that relief from the 50-foot side restriction was reasonably necessary for the full enjoyment of the permitted use. He further held that no evidence was adduced by R.J. to buttress the findings of the board. He concluded, therefore, that the decision of the board was clearly erroneous and arbitrary in view of the reliable and probative evidence in the record. On December

9, 1976, a judgment was entered sustaining respondents' appeal and reversing the decision of the board.

Before discussing the merits of this appeal, we must consider the question of standing. Following the decision of the Superior Court, which reversed the board's decision, R.J., along with the members of the zoning board, Warren Development Corporation, and Henry C. and Mary Amaral, initiated certiorari proceedings in this court seeking review of the Superior court judgment. On February 24, 1977 we issued the writ.

It is well settled that a zoning board lacks standing to request this court to issue its prerogative writ of certiorari for the purpose of reviewing a Superior Court judgment. *Town of East Greenwich* v. *Day*, 119 R.I. 1, 375 A.2d 953 (1977); *City of East Providence* v. *Shell Oil Co.*, 110 R.I. 138, 290 A.2d 915 (1972). Accordingly, the writ in this case, insofar as it depends for its validity upon the board's standing to institute the proceedings, was improvidently issued. *See Hassell* v. *Zoning Board of Review*, 108 R.I. 349, 275 A.2d 646 (1971). However, the writ was properly issued to petitioners R.J., Warren Development Corporation, and Henry C. and Mary Amaral. In this proceeding, we consider only the allegations briefed and argued by petitioner R.J.[5]

At the time we granted the petition for a writ of certiorari, *Apostolou* v. *Genovesi*, 117 R.I. 986, 369 A.2d 663 (1977), we specifically directed the parties to address the issue whether the extent of review by a Superior Court justice under G.L. 1956 (1970 Reenactment) §45-24-20 is identical to the scope of review established by this court in zoning cases decided prior to the enactment of said statute. Section 45-24-20 reads in pertinent part as follows:

---

[5]Although we stated that the writ was properly issued to R.J., Warren Development Corp. and Henry C. and Mary Amaral, only R.J. has advanced arguments to this court.

"The [superior] court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error or law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."

Prior to the amendment of §45-24-20 by the Legislature in 1969, this court reviewed decisions of zoning boards by way of certiorari. *Buckminster* v. *Zoning Board of Review*, 68 R.I. 515, 30 A.2d 104 (1943). The standard of review applied was the general certiorari standard. *Caluori* v. *Zoning Board of Review*, 100 R.I. 402, 216 A.2d 515 (1966); *Kelly* v. *Zoning Board of Review*, 94 R.I. 298, 180 A.2d 319 (1962); *Laudati* v. *Zoning Board of Review*, 91 R.I. 116, 161 A.2d 198 (1960). On certiorari, this court ordinarily does not weigh the evidence but merely reviews the record to ascertain whether there is any legal evidence to support the decision of the zoning board or whether such decision was arbitrary and an abuse of discretion. *Caluori* v. *Zoning Board of Reveiw*, 100 R.I. at 404, 216 A.2d at 517; *Dunham* v. *Zoning Board*, 68 R.I. 88, 26 A.2d 614 (1942). If there is some evidence upon which the board's decision may reasonably rest, it cannot be said that it abused its discretion. *Beaulac* v. *Zoning Board of Review*, 91 R.I. 459, 165 A.2d 497 (1960); *Constantino* v. *Zoning Board of Review*, 74 R.I. 316, 60 A.2d 478 (1948). The obvious thrust of the foregoing cases is that this court must affirm the decisions of the zoning

board unless it appears that the board acted arbitrarily or abused its discretion. In zoning cases heard after the amendment of §45-24-20, this court has reviewed by way of certiorari the decisions of the Superior Court and applied the identical "some" or "any" evidence test to the findings of the Superior Court. *Hardy* v. *Zoning Board of Review*, 119 R.I. 533, 382 A.2d 520 (1977); *Smith* v. *Zoning Board of Review*, 111 R.I. 359, 302 A.2d 776 (1973).

The amendment of §45-24-20 altered the prior appellate review procedure by providing an avenue of direct appeal from the zoning board to the Superior Court. Additionally, it appears that the Legislature in amending said statute attempted to codify the standards of review which had been employed by this court in reviewing by certiorari decisions of zoning boards and to confine those standards to the Superior Court. However, it is our opinion that the standards of review adopted in zoning cases were not entirely supplanted by the amendment of §45-24-20. Here, our discussion is limited to subsection (5) of said statute since the other standards of review accurately reflect the scope of review established by decisional law.

Section 45-24-20(5) provides that the Superior Court must examine the decision of the zoning board to ascertain whether the substantive rights of the aggrieved parties have been prejudiced because of findings and inferences which are "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." In other words, the Superior Court must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence. On the other hand, zoning cases heard prior to the amendment of §45-24-20 required this court on certiorari to canvass the record to ascertain whether there was "any" or "some" evidence to support the zoning board's decision.

We believe that the practice of courts with respect to the scope of review is more orderly and consistent than the words

they use in giving theoretical meaning to the standards of review. The phrase "substantial evidence" in particular has become a term of art to describe the basis upon which an administrative record is to be judged by a reviewing court. In describing said term, Professor Kenneth C. Davis has stated:

> "[i]t is made of rubber, not of wood. It can be stretched north, and it can be stretched east or south or west. And the courts are both willing and able to do the stretching, in accordance with what they deem to be the needs of justice. 4 Davis, *Administrative Law Treatise,* §29.02 at 126 (1958).

Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance. *Blalock* v. *Richardson,* 483 F.2d 773, 776 (4th Cir. 1972); *Thomas* v. *Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson* v. *Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842, 852 (1971); *Consolidated Edison Co.* v. *NLRB,* 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126, 140 (1938). This standard refers to the reasonableness of the action of the zoning board on the basis of the evidence before it. *United States* v. *Bianchi & Co.,* 373 U.S. 709, 715, 83 S. Ct. 1409, 1414, 10 L. Ed. 2d 652, 658 (1963). It means more than merely "some" or "any" evidence and more than a scintilla of evidence. *United Professional Planning, Inc.* v. *Superior Court,* 9 Cal. App. 3d 377, 392, 88 Cal. Rptr. 551, 560 (1970); *Wilson* v. *Employment Security Commission,* 74 N.M. 3, 8, 389 A.2d 855, 858 (1963).

The element of "substantiality" is further refined by the "whole record" requirement of §42-24-20(5). On appeal, the Superior Court must not abdicate its traditional function, but rather it must scrutinize the record as a whole to determine whether the findings of the zoning board are reasonable. *Universal Camera Corp.* v. *NLRB,* 340 U.S. 474, 71 S. Ct. 456, 95 L. Ed. 456 (1951); 4 Davis, *Administrative Law*

*Treatise* §29.02 at 118-126 (1958). If they are, they must be upheld.

Under the "substantial evidence" test, the court, in viewing the record as a whole "must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp.* v. *NLRB*, 340 U.S. at 488, 71 S. Ct. at 464, 95 L. Ed. at 467. This is clearly the significance of the requirement in §45-24-20(5) that the Superior court consider the whole record. We hold, however, that the requirement for reviewing "the whole record" in order to ascertain substantiality does not furnish a calculus of value by which a reviewing court can assess the evidence. The reviewing court is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record.

We conclude that §45-24-20(5) has altered the scope of review previously established by decisional law in that it requires not "some" or "any' evidence but "substantial" evidence on the whole record to support the board's findings. Having discussed the appropriate scope of review, we now proceed to consider whether the trial justice misapprehended or misapplied the standard of review.

The parties presently before this court agree that the Superior Court justice applied the correct test, as set forth in *Viti* v. *Zoning Board of Review*, 92 R.I. 59, 166 A.2d 211 (1960), in reviewing the board's decision. In *Viti*, this court held that where a property owner is seeking a deviation from a zoning ordinance, he does not have to prove that he is being deprived of all beneficial use of his land. However, there must be a manifestation of an adverse effect amounting to more than mere inconvenience. *Westminster Corp.* v. *Zoning Board of Review*, 103 R.I. 381, 387-88, 238 A.2d 353, 357 (1968); *H.J. Bernard Reality Co.* v. *Zoning Board of Review*, 96 R.I. 390, 394, 192 A.2d 8, 11 (1963).

R.J. argues that the record contains legal evidence establishing that relief from the zoning ordinance was reasonably

necessary for the full enjoyment of the permitted use. We disagree with this contention. After reviewing the evidence, the trial justice held that the board had improperly granted the variance since there was a complete absence of competent evidence supporting its decision. An examination of the record discloses that there is no evidence indicating that full compliance with the boundary requirement of the ordinance would constitute more than mere inconvenience adversely affecting the full enjoyment of the permitted use. In fact, the evidence presented by R.J. reveals, at most, that compliance with section 32-53 of the ordinance would be economically impractical and would aggravate the parking situation at the facility. Therefore, it is our opinion that since the record is barren of "some" or "any" evidence to support the board's findings, R.J. palpably failed to satisfy the more restrictive "substantial" evidence test.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is remanded to the Superior Court with our decision endorsed thereon.

*Adler Pollick & Sheehan, Peter Lawson Kennedy, Richard C. DeYoung,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* for respondent.