[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs, tenants and owner, appeal under R.I.G.L. 1956 §45-24-20 as amended from a decision of the Newport Zoning Board of Review which denied the application of the tenants for a variance to off street parking requirements so that they could divide their ballet school on the second floor and utilize part of the space for a non-alcoholic dance club. Before the Court are the certified record on appeal, transcript of hearing held July 22, 1991 and memoranda of counsel.
In denying the application, the board considered the staff report which concluded that the proposed use was an over-intensification of use for the building and that such use would have an adverse impact on traffic and parking in the general area. The building is on the north side of Washington Square, two short blocks from Thames Street. That report reflects the building contains a restaurant, offices, and a rental store as well as the ballet/dance school.
The actual variance sought was for nine parking spaces, required by ordinance, none of which plaintiffs could provide.
Plaintiffs argue the board's decision is not supported by substantial evidence. The decision, finding #7, holds the applicants failed to meet their burden of proof that the denial would result in an adverse effect amounting to more than a mere inconvenience. Finding #8 was one of fact, that the proposed variance would cause over-intensification of the building, and that the traffic generated by the proposed use would have an adverse impact on traffic and parking in the general area.
Plaintiffs' traffic expert testified that in the summer traffic in the area is heavy and sometimes "it is nearly non-negotiable. It is bumper-to-bumper traffic." He went on to conclude that the increase would be negligible and the reason for his conclusion was that "the traffic is already there." (Tr. p. 15). What in fact he was saying was the situation is so bad that adding to it a little bit wouldn't make any difference. But the board found shortcomings in the expert's testimony re traffic, parking, and nearby public parking lots and one said "to say that the traffic is bumper-to-bumper in Washington Square in the summer and then say this will have no impact, is to say that this board shouldn't sit here because this is such a mess and why not just throw your hands up in the air, and do what we want to do, because, you know, there are so many thousands of cars anyway. We don't sit here to approach the parking problems in Newport that cavalierly. The area is already impacted." (Tr. p. 28). Another member said, "Mr. Taber says that parking is just a mess. I think that argument was used once before on Thames Street and we can't contribute to a mess. Why should we add more to a mess?" (Tr. p. 29).
The Court is satisfied there is substantial evidence in the record to support the board's finding #8. Apostolou v.Genovesi, 120 R.I. 501.
Plaintiffs' appeal is denied and dismissed, the decision of the board is affirmed, and the clerk will forthwith enter judgment for defendants for costs.