[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of North Providence. The plaintiff here seeks reversal of the Zoning Board's April 2, 1991 decision granting the defendant, John C. Christiansen's appeal of a violation report issued by a Town Municipal Court Officer on September 20, 1990. Said report cited the defendant for an ostensible violation of the town zoning ordinance. Jurisdiction in this court is pursuant to Rhode Island General Laws 1956 (1980 Reenactment) §45-24-20.
I. CASE TRAVEL/FACTS
John C. Christiansen (hereinafter referred to as the "defendant") is the record owner of a large parcel of land located on Smith Street in the Town of North Providence, Rhode Island. This parcel is designated as lots #595-601, #627-633 on assessors plat 16. The defendant's family purchased lot #598-601, #627-630 in 1924, and thereafter began to utilize said land as a farm and dairy company. In 1945, as dairy business expanded, lots #595-597, and #631-633 were purchased. Since that time, this entire parcel has been consistently utilized as a single tract for the purpose of running said dairy company.
There are presently two structures on this large tract of land; a main building and a garage. The main building is where the actual dairy operation is conducted. The garage, which is located in the rear corner of the property, is utilized by the defendant to perform routine maintenance and repair of company vehicles and milk trucks. This repair activity began in the 1950's and continued consistently without incident until 1990. However, in or around that year, the owners of residential property surrounding the dairy began to complain to the town of North Providence that such activity was creating offensive noise and fumes that were interfering with the use and enjoyment of their property. As a result of these complaints, a violation report was issued by a Town Municipal Court Officer which cited the defendant for performing "general automotive repair" on the subject property, ostensibly in violation of the town zoning ordinance.
Thereafter, the defendant appealed said violation report to the Zoning Board of Review of the Town of North Providence (hereinafter referred to as the "board"). The crux of his argument to said board was that the repair actively in question was not "general automotive repair" but rather limited to company vehicles, and that such activity began well prior to the enactment of the town zoning ordinance and thus constituted a legal non-conforming use.
A hearing on this appeal was held on March 21, 1991. Thereafter, a decision was rendered by the board on April 2, 1991 reversing the violations cited in the violation report. From that board decision, this appeal followed.
II. APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISION
The Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 (1991 Reenactment) § 45-24-20(D), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 508,388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined as ". . . . more than a scintilla but less than a preponderance." Id. 120 R.I. at 508; ". . . . some relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. 120 R.I. at 510.
The plaintiffs assert that the decision of the board should be overturned because it is made in violation of the provisions set out in Rhode Island General Laws and the North Providence Zoning Ordinance. Specifically, they contend that the board did not have jurisdiction to hear the appeal in the first place because pursuant to Article X, Section IV of the North Providence Zoning Ordinance, the Zoning Board of Review can only hear appeals of persons aggrieved by a decision of a Zoning Inspector. Additionally, the plaintiffs contend that pursuant to Rhode Island Public Law 87-461, which states in pertinent part that the "municipal court shall have original jurisdiction of all violations against the ordinance," the proper forum from which the defendant should have sought relief was the North Providence Municipal Court.
Conversely, the defendant contends that pursuant to constitutional, statutory and common law, the board was the proper forum to which to appeal the violation report. Additionally, the defendant contends that the board's decision that the defendant did not violate the zoning ordinance was correct.
Without reaching the merits of the board's decision, this Court finds that the board did not have the authority to hear the appeal of the violation report and hence, the decision of said board is void.
III. DISCUSSION
The North Providence Zoning Ordinance states that it is the duty of the Zoning Inspector to enforce the provisions of the zoning ordinance. North Providence Zoning Ordinance, Article XI, Section I. Hence, in the case at bar, the original violation report was issued by an individual, a municipal court officer, who pursuant to this ordinance, had absolutely no authority to do so. If it had the power to do so, this Court would rule that as a result of this fact, the violation report was void as a matter of law, and that the defendant could continue to conduct the automotive repair activities in question on his property. However, this matter is before this Court as an appeal from a decision of the Zoning Board of Review of the Town of North Providence reversing the cited violations. As a result, this Court's review is limited in scope to, among other things, a determination of whether the board's decision was in compliance with procedural and substantive law.
Upon examining the record of the zoning board hearing and the relevant sections of the North Providence Zoning Ordinance, it is clear that although the violation report was presumably void, the board should not have heard the appeal in the first place. The North Providence Zoning Ordinance states in pertinent part that only a party aggrieved by a decision of the Zoning Inspector can appeal said decision to the Zoning Board of Review. North Providence Zoning Ordinance, Article X, Section 4. As stated earlier, the original violation report from which the appeal in question originates was issued by a municipal court officer, not the Zoning Inspector. Hence, this Court finds that as a matter of law, the board did not have the authority to hear the appeal.
After review of the entire record, this Court finds that the decision of the board is clearly erroneous as it is in violation of the provisions set out in the North Providence Zoning Ordinance. For the reasons herein set out, the decision of the board must be, and is hereby, reversed.
Counsel shall submit the appropriate Order for entry.