DECISION
This is an appeal from a March 30, 1994 decision of the Zoning Board of Review of the city of Newport. The 22-26 Coddington Wharf Condominium Association and three members — Chandler Hovey, Thomas Hovey, and Marilyn Sussman — appeal from a decision of the Board granting the application of Newport Partners for a special exception. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
Facts/Travel
The Newport Partners are the current owners of a parcel of real estate located on the corner of Thames Street and Wellington Avenue in Newport, Rhode Island, specifically referred to as Tax Assessor's Plat 35, lots 119 and 240. (1/24/94 Record at 1.) The parcel is zoned WB, which is defined by the Newport Zoning Ordinance (Ordinance) as a district for waterfront business. See § 1300 of the Newport Zoning Ordinance. A mix of land uses is encouraged in the area. Id. According to § 1300.02 (b) of the Ordinance multi-family dwellings are permitted in a WB district subject to the granting of a special exception from the Zoning Board of Review. If such a special exception is granted by the Board, § 1266.07 provides the following:
 "Any substantial revision of an approved special exception application and any reconstruction, enlargement, extension, moving or structural alteration of an approved special exception use or any building or structure in connection therewith shall require submission of a special exception as for the original application."
On June 7, 1993, the appellee, Newport Partners, applied to the Newport Zoning Board of Review for a special exception pursuant to § 1266.07 of the Ordinance in order to revise a special exception that had been granted previously pursuant to § 1300.02 of the Newport Zoning Ordinance. See Newport Partners Application for Special Exception dated June 17, 1993. Public notice dated June 17, 1993 advised abutting property owners and the general public that the application was "for modification of an approved special exception for permission to convert 36 transient guest facilities into multi-family dwelling units." See June 17, 1993 Public Notice. Furthermore, in September 1993, a revised notice was sent to abutting property owners and the general public seeking "a special exception for permission to construct 24 dwelling units." See September 17, 1993 Public Notice.
Hearings were held on October 25, 1993, and November 22, 1993. Before voting on the application for the special exception, the Board heard from several witnesses who appeared on behalf of the applicant. John L. Riley, a registered architect in Rhode Island, explained how he had reviewed the existing plans and made recommendations to alter the plans in order to complete the project. (10/25/93 Record at 18-19) The Board also heard testimony from James Suzman, the Director of Public Works for the city of Providence, Rhode Island, and the President of Traffic Studies, Inc., a business that prepares traffic surveys and studies. (10/25/93 Record at 85.) He testified that the proposed development would have a negligible impact in terms of the traffic operations. (Id. at 95) In addition, James Sloan, a real estate expert, expressed the opinion that the proposed grass-ring parking would not only serve as an overflow for parking for the property, but also serve as lateral access to the waterway for the public. (Id. at 107) Annette Angilli, a resident of Coddington Wharf Condominiums testified that she had no objection to the proposed development. (11/22/93 Record at 174) Additionally, Thomas Hovey, one of the appellants, who is also a resident of Coddington Wharf Condominiums, testified as an objector. (11/22/93 Record at 177)
On January 24, 1993, the Board voted to grant the Newport Partners the requested special exception pursuant to § 1266.07. A written decision, issued on March 30, 1994, made findings that the proposal was in harmony with the surrounding area. Appellants filed a timely appeal to this Court asserting that the Board acted without authority to approve the application of the Newport Partners, and the Board's decision was devoid of competent evidence.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
"45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was-supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
The Special Exception
The purpose of a special exception is to establish within the ordinance "conditionally permitted" uses. Nani v. Zoning Board ofReview, 104 R.I. 150, 242 A.2d 403 (1968). The fact that a particular use is allowed in a zoning district by a special exception means that the municipality has already determined that it is an appropriate use for the district. Id. As such, it cannot be excluded by a decision of the zoning board unless the standards for such special exceptions are not satisfied with respect to its establishment at a particular site or location.Perron v. Zoning Board of Review of Burrillville, 117 R.I. 571,369 A.2d 638 (1977).
In order for a zoning board to grant a special exception, there must be a specific provision in the local ordinance that allows for the proposed use by special exception. The rules and regulations which govern the exercise of the board's authority to award the special exception are also enumerated in the local ordinance. The board must consider the criteria set forth in the ordinance in order to properly grant a special exception. SeeGuiberson v. Roman Catholic Bishop of Providence, 112 R.I. 252, 308 A.2d 628 (1973). Where the conditions and requirements are satisfied, it is an abuse of discretion to deny the requested special exception. See Salve Regina College v. Zoning Board ofReview of Newport, 594 A.2d 878 (R.I. 1991).
As noted above, the Newport Zoning Ordinance specifically allows multi-family dwellings in a WB district subject to the approval of a special exception. See § 1300.02 (b) of the Newport Zoning Ordinance. The intent of the provision is to promote the public health, safety, welfare, order, comfort, convenience, appearance, prosperity or general welfare of the neighborhood. See § 1266.02 of the Newport Zoning Ordinance. In addition, the Newport Zoning Ordinance sets forth the criteria for special exceptions as follows:
 "Special exceptions shall be granted only where the Zoning Board of Review finds that the proposed use or the proposed extension or alteration of an existing use is in accord with the public convenience and welfare, after taking into account, where appropriate:
 (a) The nature of the proposed site, including its size and shape and the proposed size, shape, and arrangement of the structure;
 (b) The resulting traffic patterns and adequacy of proposed off-street parking and loading;
 (c) The nature of the surrounding area and the extent to which the proposed use or feature will be in harmony with the surrounding area;
 (d) The proximity of dwellings, churches, schools public buildings and other places of public gathering;
 (e) The fire hazard resulting from the nature of the proposed buildings and uses and the proximity of existing buildings and uses;
 (f) All standards contained in this Zoning Code; and
 (g) The master plan for the City."
Section 1266.04 of the Newport Zoning Ordinance.
The appellants contend that the Newport Zoning Board of Review acted without authority to approve the application of the Newport Partners for a special exception. Specifically, the appellants assert that the April 25, 1988 decision of the Newport Board of Review on which the Zoning Board relied was not a special exception for the construction of a multi-family residential unit on the parcel in question. However, a letter from Roland Chase, the Chairman of the Newport Zoning Board of Review at the time of issuance, clearly demonstrates that a special exception was granted to Wellington Hotel Associates, the previous owners of the parcel in question, to convert 36 transient guest facilities into multi-family dwellings. See May 18, 1988 Letter from Roland Chase to Edward B. Corcoran. It is well-established that a Court will presume that a zoning board properly performed official actions. Wyss v. Zoning Board ofReview of the City of Warwick, 209 A.2d 1965. In addition, the Newport Zoning Ordinance specifically authorizes a property owner to petition the Board twice with respect to a special exception for the same property. See § 1266.07 of the Newport Zoning Ordinance. Thus, after reviewing the record, this Court finds that the Board did in fact have authority to act upon the application of the Newport Partners.
The appellants further contend that the Board's decision is devoid of any evidence demonstrating compliance with the relevant provisions of the Ordinance. However, in the written decision granting the special exception pursuant to § 1266.07 of the Newport Zoning Ordinance the Board made specific findings concerning whether the proposed use conformed with the criteria set forth in § 1266.04 of the Ordinance. See March 30, 1994 Findings and Decision of the Newport Zoning Board of Review. In addition, the Board found that the applicant demonstrated that the proposed use would be in harmony with the surrounding area.Id. The Board also stated that "the footprint, height, density, setbacks, number of units, and number of parking spaces will remain as approved by the Zoning Board in 1988. Id. Thus, the record is replete with findings supporting the decision of the Board.
After reviewing the entire record, this Court finds that there is substantial, reliable and probative evidence of record supporting the Board's decision. Accordingly, the March 30, 1994 decision of the Newport Zoning Board of Review is hereby affirmed.
Counsel shall submit the appropriate order for entry.