DECISION
This matter is before the court on The Clambake Club of Newport's (appellant) appeal of the Coastal Resources Management Council's (CRMC) finding that a particular parcel of land owned by appellant constitutes a public right of way. This Court has jurisdiction over this matter pursuant R.I.G.L. 1956 §42-35-15.
 Facts and Travel
The subject property in this matter is located on tax assessor's plat 122, between lots 138 and 139. Finding its beginning on Tuckerman Road, this property is approximately thirty feet wide and four hundred feet in length. This "way" ends at or near the shore of the Atlantic Ocean. On October 26, 1992, the Middletown rights-of-way subcommittee held a public hearing in order to determine whether this property constituted a public or private right-of-way. After receiving evidence and hearing testimony, the subcommittee determined that the parcel should be considered a public right-of-way and it made recommendations to this effect to the full Middletown Town Council (hereinafter Council).
On May 11, 1993, after careful deliberation, the Council voted to follow the Subcommittee's recommendation. The Council's decision enumerated twenty-three findings supporting its decision to designate this property as a public right-of-way pursuant to the authority granted it by Title 46, chapter 23 of the Rhode Island General Laws. The appellant filed the instant appeal, claiming:
 "The decision of the Council adversely affects property rights of the plaintiff in that it attempts to impose upon the land of the plaintiff an easement for the benefit of the public.
 The decision of the Council is invalid because the Council, in violation of the Federal and Rhode Island Constitutions, is given excess judicial power.
 The decision is invalid because the Council has exceeded the statutory authority given by the General Assembly. The decision is invalid because the Federal and Rhode Island Constitutions are violated in that the right to trial by jury has been denied to the plaintiff.
 The decision of the Council is contrary to the law and contrary to the evidence, is erroneous and should be reversed."
 Standard of Review
The Superior Court reviews decisions of the CRMC pursuant to 1956 § 42-35-15 (g) which provides in pertinent part:
 "The court shall not substitute its judgment for that of the [CRMC] as to the weight of the evidence on questions of fact. The court may affirm the decision of the [CRMC] or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court is precluded from substituting its judgment for that of the agency with respect to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v.Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988);Carmody v. R.I. Conflict of Interest Commission, 509 A.2d 453, 458 (R.I. 1986). This Court's review is limited to determining whether substantial evidence exists to support the agency's conclusions as to the application of law. Newport Shipyard v.Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984).
`Substantial evidence' is more than a scintilla but less than a preponderance of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. GeorgeSand and Gravel Co., Inc., 424 A.2d 646, 647 (RI. 1981) (citingApostolou, 388 A.2d 821, 824-25 (1978). The Court must examine the entire record to determine whether there is substantial evidence to support the Council's decision. Salve Regina Collegev. Zoning Board, 594 A.2d 878 (R.I. 1991). Despite the great deference accorded to questions of fact, this Court retains the power to review agency decisions to determine what the law is and its applicability to the facts. Narragansett Wire Co. v. Norberg,376 A.2d 1 (R.I. 1977).
 Substantial Evidence
This Court may not reverse factual conclusions of an administrative agency unless they are totally devoid of any competent evidentiary support in the record. Santini v. Lyons,448 A.2d 124, 129 (R.I. 1982). This Court's inquiry "is limited to determining whether the record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed."Guarino v. Department of Social Welfare, 410 A.2d 425, 428 (R.I. 1980). The appellant argues that the CRMC, "in making its findings of an incipient dedication and acceptance by public use has ignored the statutory mandates required for its consideration, and has made findings in spite of a lack of substantial evidence."
In support of this assertion, the appellant scrutinizes the CRMC's "[primary reliance] upon its construction of the meaning of three deeds: the Tuckerman/Squire deed, Exhibit 92-10-26E; the Tuckerman/Robbins deed, Exhibit 92-10-26F; and the Connell/Chandler deed mentioned in paragraphs 4 and 5 of the Decision." Brief for Appellant at 3. The appellant states that the Council misread or misinterpreted the language of these deeds when finding that the grantors intended to dedicate the "carriage way" as a public right of way. Rather, the appellant argues, "the language of these deeds is absent evidence of a clear and unequivocal intent to create a public right. The thirty foot or thirty-six-foot strip is never described as a `public way'. People were familiar with how to create public rights at the time, and the phrases `public way,' `public highway,' and `for the use and enjoyment of the public' are phrases that routinely appear in contemporary deeds." The appellant further states that "the words of these deeds indicate that the grantors had only a private `way' in mind. If they had meant to create a public way, they would have made it clear."
In response, the appellee maintains that "ample evidence exists in the administrative record to support the Council's findings of fact regarding incipient dedication of this right-of-way. "While [a]ppellant is correct in stating that dedicatory intent is not lightly presumed, `in this state, therecordation of such plats in the records of land evidence with the consequent giving of notice to the public of the existence of the proposed streets and ways over the land so platteddiscloses the owner's intention to offer such streets to thepublic for use as ways.'" Appellee's Brief at 11, citing Vallone,97 R.I. 248, 256 (1964) (emphasis added). The Subcommittee found that "the evidence submitted by the Clambake Club was in the form of unrecorded plats, maps, photographs, and plans which depicted the right-of-way as a way or driveway leading to the top of the bank and thence to the premises of the Clambake Club." This unrecorded evidence did not persuade the committee that this right-of-way was intended to be private. This Court finds no evidence of clear error in this determination.
The Rhode Island General Laws also provide guidance in this Court's review of CRMC's decision. Section 46-23-6 of the Rhode Island General Laws states in pertinent part that "in designating rights of way, the council shall consider the following matters in making its designation:
 a. Land evidence records
 b. Exercise of domain over the parcel such as maintenance, construction and upkeep
 c. Payment of taxes
 d. Creation of a dedication
 e. Public use
 f. Any other public record . . ."
Pursuant to these requirements, the Council's decision clearly enumerates twenty three factual findings regarding the status of this right-of-way. These twenty-three reasons are grounded in the Council's review of land records, recorded deeds, testimony from various members of the community and evidence regarding the Town's exercise of control over the removal of debris.
This Court's review of the record indicates that the record contains testimonial evidence elicited from members of the community regarding their memories of using this way since childhood, as well as reports of current use. Furthermore, the clear language of the Tuckerman/Squires deed, as well as the language of subsequent deeds, indicates that this `way' "leads from Tuckerman Avenue to the Ocean" and is "subject to the rights of others in, over, and across a certain right of way or driveway running southeasterly from said Tuckerman Avenue across the westerly portion of the land." The Council, reading these deeds together, inferred the necessary dedicatory intent. This Court, in reviewing said record, finds no evidence of clear error in this interpretation.
In passing, this Court notes that the Complaint filed by The Clambake Club of Newport, in support of its request for reversal, asserts that "the decision is invalid because the Federal and Rhode Island Constitutions are violated in that the right to trial by jury has been denied to the plaintiff." The CRMC is an agency of the State of Rhode Island created under General Law 46-23 (1956). As such, this agency is governed by chapter 35 of the General Laws. Under this chapter generally, and 42-35-15, the procedure for judicial review of agency decisions is explicitly set forth. "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review. . . . The review shall be conducted by the court withouta jury and shall be confined to the record. Therefore, this Court finds no merit in the appellant's aforementioned argument.
In evaluating an agency decision, this Court is limited to review of the record presented it by the parties. After thorough review of said record, this Court is unable to find any evidence that the Committee acted in an arbitrary and capricious manner, acted in excess of their statutory authority or made a decision unsupported by reliable evidence. Accordingly, the decision of the Coastal Resources Management Council is upheld.
Counsel shall prepare the appropriate judgment for entry.