DECISION
Before this court is Stephen and Claire McQeeneys' (appellants) appeal from a December 1, 1998 decision of the Town of New Shoreham Zoning Board of Review (the Board), granting the application of Robert and Barbara Guth (the Guths, appellees or applicants) for dimensional relief. Appellate jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The applicants own a home on a 7,800 square foot parcel in the Town of New Shoreham. The parcel is zoned RC/M, which permits single family dwellings (one per lot). Presently, the Guth's home is a nonconforming building because it does not squarely conform to the setback and spatial requirements of Section 309(c) of the Town of New Shoreham Zoning Ordinance (Ordinance).
Section 113(c)(1) of the ordinance regulates the expansion of nonconforming structures. The Guth's applied for a variance from sections 113(c)(1) and 309(c) of the Ordinance in order to expand this nonconforming structure, representing a permitted use on a preexisting, nonconforming lot of record.
The applicants propose to expand the current home from approximately 500 square feet of living space to slightly over 1000 square feet of the same. At its October 26, 1998 meeting, the Board heard testimony, considered substantial documentary evidence and reviewed the Guth's application. At its meeting held on November 23, 1998, the Board voted, 5-0, to grant the Guth's application for a variance from sections 113(c)(1) and 309(c) of the ordinance for expansion of a nonconforming single family dwelling. In its decision letter dated December 1, 1998, the Board made these findings of fact among others: (1) The applicants' proposal is for 15.37% total lot coverage in a RC/M zone, which permits 25% lot coverage; (2) The applicant has a Certificate of Appropriateness dated September 26, 1998 from the Historic District Commission; (3) A review of surrounding properties and the model submitted by the applicant clearly shows that the applicant's proposal is reasonable in scale and appropriate for the neighborhood; (4) There are six (6) letters in the file from neighbors in support of the project and only one (1) letter in opposition; and (5) The design has been constructed to maximize retention of the existing character of the building, which currently exists in the historic neighborhood.
On appeal, the appellants argue that the Guth's have not satisfied the requirements for a dimensional variance. First, the appellants contend that the substantial evidence of the record does not support the Board's decision. Also, the appellants assert that the Board's decision is affected by error of law.
 Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. 1956 § 45-24-69(d), which states:
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25(1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Apostolou, 120 R.I. at 507, 388 A.2d at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted)).
 Dimensional Variance
A dimensional variance permits the departure from "the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations." G.L. 1956 § 45-24-31(61)(ii). Sections 706(D) and 706(E)(2) of the ordinance establish the standards for granting dimensional variances. Section 706(D) states:
 (D) Standards: A variance shall be granted only if evidence of the following standards are entered into the record of the proceedings:
 (1) The hardship from which the applicant seeks relief is due to the unique characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) The hardship sought to be avoided is not the result of any prior action by the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) The granting of the requested Variance will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan upon which the Ordinance is based; and
 (4) That the Variance granted is the least relief necessary to remove the hardship to the applicant.
Additionally, section 706(E)(2) of the ordinance requires satisfaction of the following prior to granting a dimensional variance:
 E. Additional Standards: In addition to the above standards, the Zoning Board of Review shall require that evidence be entered into the record of the proceedings showing that: . . .
 2. In granting a Dimensional Variance, that the hardship that will be suffered by the owner of the subject property if the Dimensional Variance is not granted shall amount to more than mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.
The language set forth in sections 706(D) and 706(E)(2) of the ordinance mirrors the language contained in G.L. 1956 § 45-24-41.
The appellants argue that the appellees, Robert and Barbara Guth, have failed to satisfy the requirements for a dimensional variance. Specifically, the appellants contend that the Guths have failed to prove that a denial by the Board to grant a dimensional variance would result in more than a mere inconvenience. On the other side, the appellees argue that the record contains substantial evidence, demonstrating that the standards set forth in sections 706(D) and 706(E)(2) of the ordinance have been satisfied.
In its December 1, 1998 decision letter, the Board cited the following reasons in support of its approval of the Guth's application for a variance from sections 113(c)(1) and 309(c) of the ordinance for expansion of a nonconforming single family dwelling:
 To literally enforce the provisions of this ordinance would create undo hardship to the owners of the property.
 The current proposal is reasonable and requires the least variance necessary to alleviate the hardship of the applicant.
 The applicant has significantly modified his proposal to meet the standards and goals of the Historic District Commission.
 The proposal has been designed to minimize the impact on neighboring properties.
 The increased floor area is reasonably necessary for the applicants to enjoy the use of their property.
This Court will not substitute its own judgment for that of the Board. See G.L. 1956 § 45-24-69(d).
The record contains substantial evidence that a reasonable mind would accept as adequate to support the Board's decision. See Apostolou, 120 R.I. at 507, 388 A.2d at 825. Lastly, the evidence in this matter indicates that the decision of the Board was not "affected by other error of law; clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-24-69(d)(4)-(6).
 Conclusion
After review of the entire record, this Court finds that the decision by the Board to grant dimensional relief to the Guth's is supported by the reliable, substantial and probative evidence in the record. Accordingly, the December 1, 1998 decision of the Board is affirmed.
Counsel shall submit the appropriate order for entry.