DECISION
This matter is before the Court on timely appeal from a decision of the City of Woonsocket Zoning Board of Review (the Board), denying Mt. St. Francis Health Care Associates' application for zoning relief. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Mt. St. Francis Health Care Associates, d/b/a Mt. St. Francis Health Center (appellant), is the record owner of a parcel of land which is located at 4 St. Joseph Street in the City of Woonsocket and is designated as Assessor's Plat 23A, Lot 60. The lot, which is currently used for a skilled care nursing home (Health Center), is located in a R-4 high density single and multifamily residential district. Section 4.4(9) of the Woonsocket Zoning Ordinance allows a nursing home in a R-4 residential district by special use permit.
In 1975, the appellant was granted a special use permit to operate the nursing home in a R-4 district with the condition that the number of beds permitted in the nursing home be limited to one hundred ninety-nine (199). In 1988, the appellant sought and received an additional special use permit to increase the number of beds to two hundred sixty (260). The special use permit, which was conditioned upon appellant obtaining a Certificate of Need (Certificate) from the Department of Health within one year, expired before appellant could procure the requisite Certificate. Although the appellant obtained the Certificate, a subsequent special use permit has not been granted.
On April 22, 1997, the appellant filed an application with the Board seeking a dimensional variance and a special use permit. Specifically, the appellant sought permission to exceed the maximum height requirement of 50 feet set forth in § 7.5-6 and to expand the nursing home by enlarging the dining area, building a fourth floor, and increasing the number of beds from 198 to 259.
A properly advertised hearing on the appellant's application for a dimensional variance and special use permit was held on May 12, 1997 and May 27, 1997. At the hearing on May 12, the Board heard various witnesses testify on behalf of the application.
Kathy Judge, the Health Center's Administrator, testified concerning the inadequacies of the Health Center's present dining, parking, and recreational facilities. Minutes at 8. Ms. Judge further testified that the proposed fourth floor, which would be devoted to Alzheimer's patients, was needed by both the Health Center and the community at large.
Gene Mancino, qualified by the Board as an expert architect witness, testified that he had prepared the plans for the expansion of the Health Center and that the plans were the most reasonable and necessary due to the site conditions. Minutes at 4. Mr. Mancino detailed the proposed structural improvements, including the proposed materials, along with the plans to increase the number of parking spaces.
Wilfred L. Gates, an expert planner and landscape architect, testified that he was asked to evaluate the existing landscape and to design a plan, which he described to the Board. Michael W. Desmond, qualified by the Board as an expert engineer witness, testified that he was asked to review the Health Center's parking layout for conformity to zoning and professional standards. Mr. Desmond testified that the dimensional requirements were met and that the proposed landscaping will improve aesthetics.
At the hearing on May 27, 1997, additional testimony was taken. Clifton O'Reilly, a real estate expert, testified that the proposed expansion of the nursing home would be in harmony with the Zoning Ordinance and the Comprehensive Plan and would not devalue neighboring properties or increase problems in the neighborhood. Minutes at 18. Janice Marcoff, an expert in Alzheimer's disease, testified that there is a need for additional beds in Woonsocket since every home and bed is filled. Minutes at 17.
In opposition to the application, the Board heard testimony from four remonstrants, whose property neighbored the Health Center. The remonstrants raised concerns about parking, the drainage of snow runoff into neighboring properties, patients wandering onto neighboring properties, and the additional noise which would be generated from the air-conditioning units and the emergency vehicles which visit the Health Center.
Additionally, a letter to the Board from Joel D. Matthews, the Director of Planning and Development for the City of Woonsocket, was read into the record. In the letter, Mr. Matthews advised the Board that the current plans addressed the concerns identified in the 1994 proposal, which the Department had previously found to be unacceptable.
In its written minutes of the May 27, 1997 hearing, the Board voted unanimously to deny the application on the basis that the expansion would have an adverse impact on the surrounding area; the neighborhood was already highly developed; there was insufficient parking; and the appellant failed to adequately address drainage, snow removal, accessibility of emergency equipment, buffer zones and on-street parking. Minutes at 26.
The appellant filed a timely appeal of the Board's decision on June 16, 1997. On appeal, appellant initially asserts that the Board's decision fails to meet the minimum requirements necessary for judicial review. The appellant also contends that the Board's findings are unsupported by the record and that appellant is entitled to.relief on the request for a special use permit, additional beds, and for a dimensional variance for height. Specifically, the appellant asserts that the extensive testimony elicited at the hearings clearly established that the proposed expansion was in harmony with the Zoning Ordinance, was reasonably necessary for the convenience and welfare of the public, and would not have a detrimental impact on the public health, safety, welfare, or morals. Furthermore, the appellant argues that the "more than a mere inconvenience standard" required for a dimensional variance was satisfied since without the increased height, the Health Center would not be able to go forward with its plans, which have already received approval from the Rhode Island Department of Health.
 STANDARD OF REVIEW
This Court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. 1956 §45-24-69(D), that states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court, when reviewing the decision of a zoning board of review, must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. ZoningBd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." (Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record.Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 THE ZONING BOARD'S DECISION
Rhode Island General Laws § 45-24-61(A) provides that "[f]ollowing a public hearing, the zoning board of review shall render a decision within a reasonable period of time. The zoning board of review shall include in its decision all findings of fact and conditions, showing the vote of each member participating thereon, and the absence of a member or his or her failure to vote. . . ." Although said decision was promptly rendered, this Court finds that the reasons the Board stated for denying the application are general and unspecific and do not demonstrate to the court how the Board applied the evidence presented at the hearing to the controlling law in order to render its decision. Accordingly, the Board's decision is not susceptible to judicial review.
"It is well settled that `a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible to judicial review.'" Cranston Print Works v. City ofCranston, 684 A.2d 689, 691 (R.I. 1996). The boards should "make express findings of fact and should pinpoint the specific evidence upon which they base their decision . . . because the parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt or unnecessary delay." Hopf v. Board of Review of the City ofNewport, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967).
Our Supreme Court has held that judicial review of the board's decision is impossible "unless the board had made factual determinations and applied appropriate legal principles in such as way that a judicial body might reasonably discern the manner in which the board had resolved evidentiary conflicts." CranstonPrint Works v. City of Cranston, 684 A.2d at 691. If the board falls to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances. Hooper v. Goldstein, 104 R.I. 32,241 A.2d 809 (1968). As our Supreme Court has stated:
 "`The issue here . . . is not one of form, but the content of the decision; and what must [be] decide[d] is whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible.'" Irish Partnership v. Rommel, 518 A.2d 356, 358-59 (R.I. 1986).
The decision of the Board merely contains unsubstantiated conclusions, the basis for which the Board has failed to disclose to the court. As the decision is devoid of any application of the facts to the legal principles, the Board's decision does not satisfy minimal requirements and thus is not subject to judicial review.
Accordingly, this case is remanded to the Board for the preparation of a decision containing findings of fact and conclusions of law. The Board should render the decision in as expeditious a manner as is reasonable, but in no event beyond 60 days after entry of this decision. This Court notes that if there have been any changes in the composition of the Board since this matter was initially heard, it will have to be reconsidered by the current Board before a proper decision may be rendered. SeeBellevue Shopping Center Associates v. Chase, 556 A.2d 45, 46 (1989). In that instance, the 60-day limit will not apply. This Court retains jurisdiction over this matter, and it may be invoked by either party within 30 days after the filing of the decision.
Counsel shall submit the appropriate order for entry.