DECISION
Before this Court is an appeal from a decision of the Town of North Kingstown Zoning Board of Review (Board). Robert A. Famiglietti (Appellant) seeks reversal of the Board's January 23, 2001 decision (Decision) granting the application of Defendant Forge Construction Management (Applicant) for a special use permit to allow construction of a four bedroom single family dwelling on a nonconforming lot substandard as to frontage. This Court has jurisdiction pursuant to G.L. 1956 §45-24-69.
 Facts/Travel
The subject premises are designated as Lot 6 on Tax Assessor's Map 103 in the Town of North Kingstown, Rhode Island. The Applicant filed an application for a special use permit to allow construction of a single family dwelling on this 6.85 acre parcel of land, which was nonconforming in that it lacked frontage on a public street. In addition, access to the lot is available only from Rollingwood Drive, a public street, across a fifteen wide foot easement, which was conveyed to a prior owner of the property in 1975. The Board held a hearing on December 12, 2000 at which it received evidence and heard testimony from various persons in support of and against the application. The Board chose to refer the matter to the Technical Review Committee (Committee) for an advisory opinion and continued the hearing to January 9, 2001. (Tr. at 42.) In a memorandum dated January 4, 2000, the Committee wrote "[a]fter discussing the issues regarding the application and reviewing the submitted materials the Technical Review Committee issued no objection to the granting of the requested special use permit provided that the concerns of the Committee were adequately addressed." (Memo. from Aubin to Zoning Board of Review 1/4/01.) In addition, the Committee "respectfully requested that any relief the Zoning Board of Review deems appropriate to grant be conditioned on satisfactory resolution of the specific concerns expressed by the Town Engineer and Fire Marshal." Id. On January 9, 2001, the Zoning Board approved a special use permit "to allow construction of a single-family dwelling on a legal non-conforming lot with substandard frontage, conditioned upon the approval implementation and maintenance of a development plan as approved by the Department of Planning and Development." (Tr. at 11.)
The appellants timely appealed the Board's decision on March 7, 2001. On appeal, the Appellant contends that that the Board erred in finding that the standards and criteria set out in the Town of North Kingstown Zoning Ordinance (Ordinance) were satisfied and supported issuance of the special use permit. In addition, the Appellant argues that § 21-311(h) of the Ordinance, which requires that there be a "specific finding" that the criteria for permitting exceptions to frontage and depth requirements, was not satisfied in this instant case.
 Standard of Review
The standard of review for this Court's appellate consideration of the Decision is outlined in G.L. § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board is to weigh evidence, with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). It is only if the record is "completely bereft of competent evidentiary support" that a board of appeal's decision may be reversed. Sartor v. Coastal Resources Management Council of Rhode Island, 434 A.2d 266, 272 (R.I. 1981).
 Adequacy of the Written Decision
The Legislature requires that the "zoning board of review shall include in its decision all findings of fact." G.L. 1956 § 45-24-41(d)(2). In addition, § 21-13(e) of the Ordinance mandates that the "zoning board shall include in its decision all findings of fact and conditions." As such, the Rhode Island Supreme Court has held that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Sciaccia v. Caruso,769 A.2d 578, 585 (R.I. 2000) (quoting Irish Partnership v. Rommel,518 A.2d 356, 358 (R.I. 1986)); Cranston Print Works Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996). Moreover, the Court has noted that in zoning matters the task before it involves
 "decid[ing] whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles. Those findings must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany. These are minimal requirements. Unless they are satisfied, a judicial review of a board's work is impossible." Irish Partnership, 518 A.2d at 359 (quoting May-Day Realty Corp. V. Board of Appeals of Pawtucket, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970)).
In the instant case, involving an application for a special use permit, §§ 21-311(h)(1) and (2) of the Ordinance, provide that
 "(h) . . . the zoning board of review may grant a special exception authorizing the erection of a single-family dwelling on such lot in accordance with the provisions of section 21-15 only if, in addition to the findings required by such subsection it is also established by specific finding that:
 (1) The siting of the dwelling and any accessory building proposed to be erected on such lot together with the means of access to the dwelling site will be in accordance with a site plan which has, prior to the granting of such special exception, been approved by the department of planning and development, to ensure that the findings made in accordance with section 21-15 will be implemented; and
 (2) There is an adequate means of vehicular and utility access to such dwelling site from a public road either over the lot itself or by virtue of an easement conveyed to the owner or former owner thereof for the benefit of such lot and all subsequent owners and occupants thereof.
However, in its Decision, the Board wrote:
 "[t]he above stated relief has been granted by the Zoning Board of Review as the applicant has entered evidence to the satisfaction of the standards set out in:
 • `Section 21-13 Zoning Board of Review procedures — Variances, special use permits and special permits';
 • `Section 21-15(a)(1-8) Additional procedures — Special use permits and special permits; Criteria for grant of a special use permit and special permit'; and
 • `Section 21-311(h)(1-2) Land nonconforming by area or other dimensional requirement.' (Decision at 2.)
The Board's written decision is "conclusional" in nature and "fail[s]to apply the proper legal principles, thereby making judicial review of the board's work impossible." von Bernuth v. Zoning Board of Review of the Town of New Shoreham, 770 A.2d 396, 402 (R.I. 2001). The Board failed to make findings of fact or state the conditions that led to its approval of the application for a special use permit. Moreover, it is evident from the written Decision issued by the Board that the Board failed to make the "specific findings" required by § 21-311(h)(1) and (2) of the Ordinance. Although the Decision states that the Applicant provided evidence that satisfied the standards set out in § 21-311(h)(1) and (2) of the Ordinance, the Decision contains no specific findings with respect to whether the proposed development complied with a site plan that had been previously approved by the Department of Planning and Development or regarding the issue of vehicular and utility access to the site.
Although the transcript of the hearing clearly shows significant discussion regarding the different issues raised by this special use permit application and may even provide some insight into the decision of the Zoning Board, the Court has previously stated that "when the Board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. at 359. Since this issue warrants a remand, the other arguments raised by the appellants need not be considered at this time. This Court would instruct the Board to pay particular attention to addressing the issue of limited access for emergency vehicles in its subsequent written decision.
As such, the Court orders that this matter be remanded to the Board for findings of fact and conditions that render support for its approval of the special use permit sought by Applicant for construction of a four bedroom single family dwelling on a nonconforming lot substandard. This Court will retain jurisdiction of this matter.
Counsel shall submit the appropriate order for entry.