DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review of the Town of Warren (Zoning Board). Edward and Connie McGreavy (appellants) seek reversal of the Board's decision of May 18, 2000 (Decision), granting the application of Peter Achilli (applicant) for a special use permit. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The subject premises are designated as lots 46, 47 and 48 on Tax Assessor's Map Plat 13E in Warren, Rhode Island. The premises are located at 4 and 6 Bay Road in the Town of Warren in an R-10 Residence Zone. Since these adjacent, non-conforming lots were held in the same ownership, they had been previously merged into a single lot that met the dimensional requirements of an R-10 Zone. On April 12, 2001, the applicant filed a petition with the Board seeking to unmerge lot 48 from lots 46 and 47 in order to construct a single family dwelling. On May 15, 2001, the Town of Warren Planning Board (Planning Board) issued a letter stating that the plans submitted by the applicant, in conjunction with his petition for a special use permit, had received a favorable vote from its members. However, the Planning Board attached a stipulation to the submitted plans requiring the separated, merged lots to have suitable setbacks.
The Zoning Board then conducted a public hearing on the application for a special use permit on May 16, 2000. At the hearing, the only persons who spoke on the application and answered questions regarding the proposal to unmerge the lots were the applicant and his attorney, William Dennis. After receiving this testimony, Mr. Ferrazano, the Chairman of the Zoning Board, inquired "[a]ny one else have any other questions?" (Tr. at 17.) The appellants, who were not then represented by counsel, replied that they had no questions of the applicant or his attorney, but they desired to make a statement in objection to the application. Given this response, a Zoning Board member moved that the special use permit be granted pursuant to two stipulations: that the residences on the property be linked to the town's sewer system and that the jog, the rear end of the deck, be removed. (Tr. at 18-19.) The motion was seconded, and the Zoning Board voted unanimously to grant the application of Mr. Achilli for a special use permit to unmerge lot 48 from lots 46 and 47 to construct a single family dwelling. Id.
At this point, the appellants rose and expressed their desire to have their objections to the petition considered prior to the Zoning Board's grant of the special use permit. (Tr. at 19.) The appellants believed that the Chairman's previous query was posed with regard to whether there were any questions of the applicant's attorney. (Tr. at 20.) The appellants were permitted to present their statement in opposition to the applicant's petition. The Chairman stated "[i]f you would like to read a statement, you may. I don't think it's going to [a]ffect our vote." (Tr. at 21.) The appellants read their prepared statement and engaged in a discussion with the Zoning Board members regarding their many and varied concerns about the applicant's petition. However, the Zoning Board decision granting the applicant's request for a special use permit remained undisturbed.
The appellants timely appealed the Board's decision on June 7, 2001. On appeal, the appellants raise a number of issues including that the Zoning Board violated their rights when they were not allowed to testify or present evidence prior to the Zoning Board's decision to grant the special use permit; that the Zoning Board exceeded its statutory authority by granting a petition that creates two non-conforming lots when there was no petition before the Zoning Board for a dimensional variance; that, even if the petition included a request for a dimensional variance, the Zoning Board could not have granted the relief requested because the hardship in this situation was caused by the applicant's own action; and that there was no evidence to support the Zoning Board's decision that granting a special use permit will service the public convenience and welfare.
 Standard of Review
The standard of review for this Court's appellate consideration of the Zoning Board decision is articulated in G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). It is only if the record is "completely bereft of competent evidentiary support" that a board of appeal's decision may be reversed. Sartor v. Coastal Resources Management Council of Rhode Island, 434 A.2d 266, 272 (R.I. 1981). A remand is appropriate in this situation because it serves as a
 "safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant reversal, but which, to the court reviewing the record, would indicate to it that the . . . [agency] may have acted on incomplete or inadequate information; or may have failed to give adequate consideration to an alternate route . . . A remand for further consideration is not a determination that the [agency] is wrong; but it is an indication that the disinterested court, which has reviewed the record is not satisfied on the basis of that record that the [agency] is right." Johnson Ambulatory Surgical Assocs. v. Nolan, 755 A.2d 799, 816 (R.I. 2000) (Flanders, J., concurring in part and dissenting in part) (citing Lemoine v. Dept. of Mental Retardation and Hospitals, 320 A.2d 611, 615, 113 R.I. 285, 291 (R.I. 1974)) (Citations omitted).
 Due Process
The appellants contend that the Zoning Board violated their rights by refusing to allow them to testify or present evidence in opposition to the application for a special use permit before the Zoning Board granted the application. The Zoning Board does not dispute that it did not receive any testimony or evidence from appellants prior to rendering its decision. However, the Zoning Board asserts that in reaching its decision, it "heard, what it considered to be, all the relevant evidence as presented by the applicant." (Def.'s Mem. of Law at 1.) In addition, the Zoning Board stated that "in no uncertain terms, the [appellant's] statement would not have changed their opinion." Id. at 2. In essence, the Board contends that any mistake made with regard to appellants' testimony and proffer of evidence was "inadvertent and harmless error." Id. at 3.
However, the Town of Warren Zoning Ordinance § 32-20 provides, in pertinent part, that
 "[u]pon receipt of an appeal, or application for a variance or special use permit, the Board shall schedule a public hearing thereon, within a reasonable time. Notice of such hearing shall be published in a newspaper of general circulation in the Town of Warren at least fourteen (14) days prior to the date of the public hearing and at the same time, notice of such hearing shall be mailed to the applicant, owners of land within two hundred (200) feet of the property involved, the Warren Planning Board and to other persons deemed by the Board to be affected by the action on said application . . . Any party may appear and be heard at the public hearing in person or by agent or attorney." (Emphasis added.)
In addition, the Rhode Island Supreme Court in Colagiovanni v. Zoning Board of Review of City of Providence, 158 A.2d 158, 162 (R.I. 1960), stated:
 "[a]lthough zoning boards perform quasi-judicial duties, it is well recognized that hearings before such boards are to a certain extent informal in nature and do not necessarily have to be conducted as are hearings before a court. In holding such hearings zoning boards are required to apply rules and regulations lawfully adopted by them equally and fairly to all persons properly before them . . . interested persons have a right to be heard in zoning hearings in accordance with rules and regulations lawfully adopted and impartially applied by such boards for the conduct of their hearings." (Citations omitted.) (Emphasis added.)
In Colagiovanni, plaintiffs were abutting property owners who sought review of the zoning board's grant of an exception authorizing use of certain land in a residential zone for school purposes. Id. at 159. The plaintiffs complained that during the hearing the board noted its desire to avoid repetitious testimony and issued a ruling prohibiting cross-examination of opposing witnesses. Id. However, upon review of the record, the Court held that the board had not "deprive[d] petitioners of their right to be fully heard." Id. The court found that although plaintiffs had a right to be heard and were heard on this matter, they did not have the right to cross-examine opposing witnesses. In the instant case, the appellants are asserting a violation by the Zoning Board of their fundamental right to be heard. Appellants were not seeking to cross-examine any opposing witnesses but merely sought the opportunity to have their opposition to the applicant's request for a special use permit considered by the Zoning Board in its decision to grant or deny the application.
In order to ascertain whether participants in a hearing before the Zoning Board were treated fairly, the court must consider:
 "[i]f the board of adjustment in its conduct of the hearing allowed all persons who desired to speak an opportunity to do so, and afforded to each side a fair chance to articulate his point of view, [then] reversal for failure to hold a hearing is unlikely." Anderson, American Law of Zoning, § 22.24 at 66-67 (4th ed. 1997).
Moreover, although "[t]he purpose of the public hearing is not to conduct a poll of the likes and dislikes of neighboring property owners," the board should afford those present at the hearing the full opportunity to be heard. Rathkopf, The Law of Zoning and Planning, § 37.07 at 37-109 (1999). Given that the Zoning Board accepted the testimony and evidence offered by the appellants after it had already granted the applicant's request for a special use permit, the due process rights of the appellants were substantially prejudiced during the hearing. The appellants should have been allowed to present their concerns regarding the application prior to the Zoning Board's rendering of a final decision on the matter.
Thus, considerations of fairness warrant this Court to remand this matter to the Zoning Board to allow the testimony of the appellants to be received and considered prior to the Zoning Board's issuance of a decision regarding the applicant's petition for a special use permit. As this Court is remanding this matter to the Zoning Board for the limited purpose of considering appellants' testimony at a properly advertised hearing, the other arguments raised by the appellants need not be considered at this time. This Court will retain jurisdiction of this matter.