216 A.2d 515.

MICHAEL CALUORI *et ux.* *vs.* ZONING BOARD OF REVIEW
OF THE TOWN OF JOHNSTON.

JANUARY 31, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of the town of Johnston wherein permission was granted for the erection of a dwelling house on a lot located in an area zoned for residential uses. Pursuant to the writ the respondent board has returned to this court a certified copy of the record in the cause.

It appears therefrom that Frank Gallo and his wife Amalia, hereinafter referred to as the applicants, sought permission to erect a single-family dwelling house which, under the zoning applying to their lot, is a permitted use. It further appears, however, that the lot is described as "undersize," and it may be inferred from reference in the application to Section V, paragraphs A.- D, of the ordinance

that the restrictions applicable to this lot required at least 10,000 square feet of land per dwelling unit and a street frontage of at least 100 feet.

The record of the hearing before us discloses only that the board met on October 1, 1964 and considered the application wherein "Petitioner was seeking permission to build a house on undersize lot and applied for an exception or variance to Section 'V' Paragraphs 'C' & 'D' of the Zoning Ordinance * * *." The presence of at least two objectors at the meeting is noted, as is the granting of the application on motion of a member of the board. The record is devoid of evidence material to the issue raised by the application and does not disclose that in granting the application the board acted either on its own knowledge or on the basis of information obtained through an inspection of the premises. In short, there is no legally competent evidence contained in the record on which the board's decision to grant the application reasonably could rest.

An examination of the ordinance discloses that provision is made in Sec. XII, par. B, for a special exception to those provisions of the ordinance which regulate lot areas and dimensions. Such exception, when granted, permits the erection on such a lot of a single-family dwelling house subject to the conditions imposed by the board as to the size of the building and its location on the lot. It may be that in the instant case the board intended to grant such a special exception. This court has, in appropriate circumstances, held that implicit in an affirmative grant of an exception where specific application is made therefor is a finding of the necessary conditions precedent to the grant of the exception. *Davis* v. *Zoning Board of Review,* 93 R. I. 484. The rule stated in that case, however, has no application where the record is devoid of any competent evidence probative of the facts on which a finding of the conditions would of necessity have to rest.

The instant circumstances are such as to require an

application of our fundamental rule relating to the review of decisions of zoning boards by way of certiorari. Under such rule we will not weigh the evidence upon which a board acted in reaching a decision, but we will in appropriate cases examine the record for the purpose of ascertaining whether it contains any legally competent evidence that reasonably supports the finding or decision. *Kelly* v. *Zoning Board of Review*, 94 R. I. 298; *Laudati* v. *Zoning Board of Review*, 91 R. I. 116. Such an examination of the record in the instant case reveals a complete absence of any such evidence and constrains us to conclude that the board's action constituted an abuse of its discretion.

Counsel representing the respondent board appeared before us and requested that we withhold action quashing the record herein and that the cause be remanded to the respondent board with direction that it supplement the record by including therein evidence adduced at the October 1 hearing. Counsel has assured the court that such evidence as was adduced at the hearing is material and relevant to the issue and is available for inclusion in the record. On these representations the court is constrained to return the record for such purpose.

The record certified to this court is hereby sent back to the respondent board for the purpose of allowing it to be supplemented by including therein any evidence material and relevant to the issues herein raised that is in said board's possession, with direction that the record as so supplemented be returned by said board to this court forthwith for our further consideration.

*Morphis A. Jamiel,* for petitioners.

*Angelo G. Rossi,* for respondent and applicants.