[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal by Mathies Santos (hereinafter the "plaintiff") from a Providence Zoning Board decision rendered November 20, 1990. Said decision granted a variance to Paula Habib allowing her to convert her building from a legal two to a legal three family dwelling. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-20.
On August 10, 1990, Paula Habib filed an application with the Providence Zoning Board (hereinafter the "Board") requesting a variance for her one and one-half story house located at 151-153 Rochambeau Avenue, Lot #230, Assessors Plat #6. Ms. Habib sought relief from § 42A and § 42-C-1 of the Providence Zoning Ordinances which dictated use and minimum lot size requirements in her area, an R-2 zone. Initially, Ms. Habib wanted to upgrade the electrical system in her building to make said dwelling more efficient as a three family unit. However, the Department of Inspections and Standards denied her a permit to complete the above because her plan, installation of three 100 amp electrical service panels, did not conform to pertinent requirements of the existing ordinance.
On October 30, 1990, the board held a hearing at which supporting and objecting neighbors were heard. Pursuant to § 42-24-41, the Board granted a variance to Ms. Habib. The Board found that the building in question had been used as a three family dwelling since 1950 and the petitioner's continuing this existing use would have no adverse impact on the surrounding properties. From the Board's decision, the plaintiff appeals.
Essentially, the plaintiff here argues that Ms. Habib has not adequately demonstrated that an unnecessary hardship would result if a variance were denied. In addition, the plaintiff claims that leniency by the Board will encourage others to petition for variances thereby leading to an increase in the density of the neighborhood and a decline in the quality of life.
Pursuant to R.I.G.L. § 45-24-20, this Superior Court possesses appellate jurisdiction to review the decisions of the Board. However, the scope of this court's review is limited by §45-24-20. The Court cannot substitute its judgment for that of the zoning board. Mendonsa v. Corey, 495 A.2d 257, 260 (R.I. 1985). If there is substantial evidence to support the Board's findings, the reviewing court must affirm the Board's decision.Id. The reviewing court will not weigh the evidence but will examine the record to ascertain whether it contains any legally competent evidence that reasonably supports the finding or decision. Caluori v. Zoning Bd. of Rev. of Town of Johnston,100 R.I. 402, 216 A.2d 515, 517 (1966).
A nonconforming use is one which does not conform to zoning restrictions applicable to certain property but is protected against restrictions because it existed lawfully prior to effective date of the zoning ordinance and continues to the present. Town of Scituate v. O'Rourke, 103 R.I. 499,239 A.2d 176, 179 (1966). According to letters and testimony presented at the hearing before the Board, Ms. Habib's property has been utilized as a three family unit since 1950. Since her use of the building became nonconforming only after the regulation presently in effect was passed, it is classified as a legal nonconforming use.
With respect to repairs and alterations of legal nonconforming uses, the Providence Zoning Ordinance, § 23-A-2 provides in pertinent part:
 Repairs and Alterations — May be made to a nonconforming building or structure provided that in a building or structure which is nonconforming as to use regulations no enlargement shall be made.
With respect to additions and enlargements said statute further provides that:
 A building or structure nonconforming as to regulations for use or lot area per dwelling unit shall not be added to or enlarged in any manner unless such building or structure, including such addition and enlargement is made to conform to the use and area per dwelling regulations of the zone in which it is located.
Section 23-A-2 clearly mandates that when a structural change as opposed to a repair or alteration is being sought, a variance is the proper mode of relief. In Taft v. Zoning Board of Reviewof the City of Warwick, 75 R.I. 117, 64 A.2d 200, 201 (1949), the court declined the petitioner's request for a permit to make structural changes because the ordinance disallowed said changes unless these changes would be in conformity with prescribed regulations. Additionally, in Hugas Corp. v. Veader,456 A.2d 765, 770 (R.I. 1983) a section of the zoning ordinance which restricted the right to make additions or enlargements to a nonconforming building clearly limited the changes an owner of the land enjoying the nonconforming use could make as of right.
Unlike the petitioners in the above cases, Ms. Habib wishes to make changes for the purpose of maintaining her building safely and efficiently. Pursuant to Sec. 23-A-1 of the Providence Zoning Ordinance, entitled "Maintenance Permitted," a nonconforming building may be maintained. The changes Ms. Habib seeks to make are not structural and therefore are authorized by § 23-A-2 of the Providence Zoning Ordinance. Since Ms. Habib's use of her building qualifies as a legal nonconforming use, the above regulation is clearly applicable and Ms. Habib should be permitted to proceed with her alterations under the above ordinance.
Because § 23-A-2 of the Providence Zoning Ordinance permits "repairs alterations" of the nature that Ms. Habib is requesting, the plaintiff will not experience the requisite deprivation of all beneficial use of her property warranting the Board's granting of a variance. Where there is relief provided directly within the ordinance, a variance is unnecessary. For example, inHugas, supra, the petitioner applied to the Board for permission to install a sign which exceeded allowable size limitations. The Board treated the application as a variance and issued a denial. The court ruled that the above was improperly treated as a variance because within the zoning ordinance itself was a specific provision allowing the Board to extend a nonconforming use by special exception, not by variance. Hugas
at 770.
Similarly, in the case at bar, the Board improperly treated Ms. Habib's application as one for a variance when the ordinance specifically provided her with the necessary relief.
After review of the entire record, this Court finds the Board's decision to grant a variance is unnecessary. Accordingly the Board's decision is here reversed. This Court directs that pursuant to § 23-A-2 a permit be issued to Paula Habib for her proposed alterations to maintain her legal nonconforming use.
Counsel shall submit the appropriate judgment for entry.