[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter comes before the Court on John Lace's (Appellant) appeal of the November 6, 2002 decision of the Burrillville Zoning Board of Review (Board), denying Appellant's application for a variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
On October 8, 2002, Appellant appeared before the Board seeking a dimensional variance from Article 11.7.3 of the Burrillville Zoning Ordinance ("Ordinance") and relief under Article 11.7.1 of the Ordinance in order to construct a single family residence on Lot 79 on Assessor's Map 140 in the Town of Burrillville. After a duly advertised and noticed public hearing, the Board heard Appellant's application. The parcel for which the Appellant sought relief is located in an R-12 and A-100 Aquifer Overlay Zone. Lot 79 is a triangular shaped lot consisting of approximately 28,000 square feet, and the A-100 Aquifer Overlay Zone in which it is located requires a minimum lot size of 100,000 square feet, 300 feet of frontage, front and rear yard set backs of 40 feet. However, the lot in question constitutes a non-conforming lot of record under Article 11-5.3(B) of the Ordinance, and therefore, dimensional relief is not required from the Aquifer Overlay District dimensional requirements because the lot meets the minimum requirements as set forth in Article 11-5.3(B) of the Ordinance.
Lot 79 does not have a frontage on a town-accepted road, thereby necessitating relief from Section 11.7.1 of the Ordinance, which states that "every building hereinafter created or moved shall be on a lot adjacent to an accepted and improved public street. . . ." In support of his application, Appellant submitted a letter from the Town of Burrillville Department of Public Works regarding the adjacent streets. This letter stated that, "In regards to Frederick Street and Pine View Lane, they are public ways within the Town of Burrillville. Public ways are roads that receive only minor maintenance but are plowed and sanded during snow emergencies." In testifying before the Board, Appellant stated that, "Pine View is an upgraded but not a Town Road. Frederick Street is not upgraded, and it does need some repair and is not a town road either."
In addition to seeking relief from Article 11-7.1, Appellant sought relief from Article 11-7.3, which requires that lots containing wetlands "shall have a minimum buildable area of 12,000 square feet excluding wetland and wetland buffer zone. . . ." The application filed by Appellant did not specify the exact amount of dimensional relief requested from Article 11-7.3 in terms of square footage. The report of Natural Resource Services, Inc. (NRS), which Appellant submitted in support of his application, stated that "The identified wetlands and their associated jurisdictional wetland set backs dominate the majority of the subject property." The NRS report characterizes a portion of the property as a forested wetland "which appears to be maintained as temporarily flooded." According to the NRS report, 2,885 square feet of the 28,000 square foot lot is outside the Rhode Island Department of Environmental Management ("DEM") wetlands jurisdiction. The proposed dwelling deck, well, sewer line, and most of the recreational yard area are all located within the riverbank wetland
At the hearing, Appellant testified on his own behalf as Applicant. The Appellant offered a wetlands site plan for the subject property which has been submitted to DEM., but was not approved at the time of the hearing. The Appellant also submitted letters from various municipal agencies indicating that Pine View Lane is serviced by police and fire/rescue service. Appellant, who was not represented by legal counsel, presented no witnesses, and the evidence he submitted consisted of his testimony that he wished to build a single-family house on the property. Neither the surveyor who prepared the site plan nor the biologist from Natural Resource Services who prepared the narrative of biological impact report was present to testify in support of Lace's application.
Two abutters — Jack Carter, owner of Lot 78 on Assessor's Map 140, and Linda Letourneau, owner of Lot 68 on Assessor's Map 140 — testified in opposition to the application. Mr. Carter described severe drainage and flooding problems in the immediate area and stated that basements flood severely requiring pumping assistance from the fire department. Mr. Carter indicated that the "whole land is like a lake." Ms. Letourneau echoed Mr. Carter's sentiments as she described her experience with flooding on her property and in her home.
On November 6, 2002, the Board reached its decision on this matter, with three Board members voting in favor of the application and two voting against. Under Rhode Island General Laws § 45-24-57(2)(iii), four (4) out of a possible five (5) votes are necessary to obtain zoning relief. Accordingly, the Board denied the application for a dimensional variance. Appellant now appeals that decision.
 Standard of Review
Aggrieved parties may appeal a decision of the board to this Court pursuant to G.L. 1956 § 45-24-69. This section provides that the court's review of the decision:
 "(c) shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review. . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, or;
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 § 45-24-69."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501,388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou,120 R.I. 501, 388 A.2d 821, 824-25). The Court should examine the entire record to determine whether there is substantial evidence to support the Board's decision. Salve Regina College v. Zoning Board, 594 A.2d 878
(R.I. 1991 (citations omitted). Essentially, the reviewing court gives deference to the decision of the zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances, and the decision of which must be supported by legally competent evidence. Monforte v. Zoning Bd. of Reviewof East Providence, 93 R.I. 447, 176 A.2d 726, 728 (1962); see also Braunv. Zoning Bd. of Review of Town of South Kingstown, 99 R.I. 105,206 A.2d 96 (1965) (it is the "duty of [the board] to determine facts from reasonably competent evidence and by other proper means . . . [which] `include knowledge acquired by inspections as well as that presumed to be possessed by members of such boards.'"). As with the deference accorded zoning boards, "`[d]eference will be accorded to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency * * * even when the agency's interpretation is not the only permissible interpretation that could be applied.'" Labor Ready Northeast, Inc. v. Marilyn ShannonMcConaghy, in Her Capacity as Director of the Department of BusinessRegulation, No. 2002-698-M.P., slip op. at 7 (R.I. filed June 4, 2004) (quoting Pawtucket Power Associates Limited Partnership v. City ofPawtucket, 622 A.2d 452, 456-57 (R.I. 1993)).
 The Dimensional Variance
Mirroring § 45-24-41(c)(d) of the Rhode Island General Laws, Section 11.4.4 of the Burrillville Zoning Ordinance governing dimensional variances states as follows:
 "(c) In granting a variance, the zoning board of review shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30(16);
 (2) That the hardship is not the result of any prior action of the applicant or owner and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary;
 (d) The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: (1) (omitted); and (2) In granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. The zoning board of review has the power to grant dimensional variances where the use is permitted by special use permit if provided for in the special use permit sections of the zoning ordinance."
On June 28, 2002, our State General Assembly repealed that portion of the Enabling Act requiring that the applicant demonstrate that there is "no reasonable alternative" when seeking dimensional relief, so that now applicants for dimensional relief need only demonstrate that the hardship complained of amounts to "more than a mere inconvenience" — otherwise known as the "Viti Standard." Thus, as our Supreme Court has noted, "[t]he new language in the 2002 amendment reinstates the judicially created Viti Doctrine. . . ." Lischio v. Zoning Bd. of Review of Town ofNorth Kingstown, 818 A.2d 585, 691 (R.I. 2003).
 The Board's Decision
Appellant contends that the Board committed error in denying his application for a dimensional variance from the Ordinance because the two board members who voted to deny Plaintiff's application made no findings of fact as required by the Ordinance in Section 11-4.4, Subsection 6. In support of his position, Appellant argues that the evidence in the record indicates that there was no wetland on the property and that the property is subject to the wetlands buffer setback of 200 feet from the Clear River. Appellant further notes that the evidence on the record demonstrates that there is nearly 3,000 square feet of land area on the property outside of the wetlands buffer that would be incorporated in the home site. Additionally, Appellant maintains that the statements offered by those board members voting against the application were conclusory in nature and constituted an arbitrary and clearly unwarranted exercise of discretion based on the evidence in the record. This Court disagrees.
The Rhode Island Supreme Court has held that an applicant seeking a dimensional variance has the burden of establishing entitlement to relief by presenting competent evidence that meets the applicable standard.Raposo v. Zoning Board of Review of Middletown, 104 R.I. 216, 220-22,243 A.2d 99, 102-03 (1968). Granting relief where no evidence was introduced by the applicant to meet the burden constitutes an abuse of discretion. Id.; Calouri v. Zoning Board of Review of Johnston,100 R.I. 402, 403, 216 A.2d 515, 516 (1966).
In the instant case, the record reveals that Appellant failed to offer sufficient evidence to satisfy the standards enumerated under Section 11-4.4 of the Ordinance. Appellant did not present any evidence regarding the history of the lot which would enable the Board to determine whether Appellant's hardship was self-created. The record demonstrates that Appellant did not submit any documentation, such as a purchase and sales agreement which would show he had an equitable interest in the property. Moreover, Appellant did not address the issue of whether the hardship results primarily from the Appellant's desire to realize greater financial gain.
Furthermore, Appellant failed to offer any evidence that the granting of the variance would not alter the general character of the area as required by Section 11-4.4(3) of the Zoning Ordinance. Appellant did not present any evidence describing the surrounding area's characteristics and how the area might be impacted by Appellant's proposal.
Additionally, the record demonstrates that Appellant did not offer substantial evidence showing that the relief Appellant was seeking was "the least relief necessary," as required by Section 11-4.4(4) of the Zoning Ordinance. Although Appellant testified that he made the proposed home "a minimal size [as] possible," he failed to introduce any evidence as to why a smaller home with less disturbance within the wetland buffers would not be feasible for this parcel. (Tr. at 11-12).
The Rhode Island Supreme Court has consistently held that "a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review." Cranston Print Works Co. v. City ofCranston, 684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Boardof Review of North Kingstown, 492 A.2d 1236 at 1236-37 (R.I. 1985)). Here, the two Board members voting to deny Appellant's proposal provided concrete reasons for their decision based on the evidence in the record. These two Board members found that the requested variance would alter the general character of the surrounding area because the Appellant was requesting relief of approximately 9,000 square feet of the 12,000 square feet minimum buildable area. Such a finding was clearly reasonable, as Appellant had provided no evidence in regard to the surrounding area. In finding that the variance would have an adverse impact on the development upon other land, the two Board members noted the testimony of the two abutters who testified as to the extent of the flooding in the area. In reaching their decision, the two Board members pointed out that portions of the property are located in floodzones, as well as jurisdictional wetlands and associated buffer area. See Salve Regina, 594 A.2d at 882
(R.I. 1991) ("`a board may consider probative facts within its knowledge in denying the relief.'") Because Appellant failed to provide sufficient evidence showing that the subject property and the neighboring property would be protected from flooding conditions, the Board members were not satisfied that the property would be safe from the flooding conditions. Based on the above findings of fact, it is clear that the two Board members who voted against Appellant's proposal had made specific findings in reaching their conclusion, thus demonstrating that the Board's decision to deny the requested variance was not arbitrary and capricious.
 Conclusion
After review of the entire record, this Court finds that the Board's decision was not arbitrary or capricious or clearly erroneous. Substantial rights of the Appellant have not been prejudiced. Accordingly, the November 6, 2002 decision of the Burrillville Zoning Board, denying Appellant's request for a dimensional variance, is hereby affirmed. Counsel shall submit the appropriate judgment for entry.